# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| DAVID RAY SANCHEZ, | CASE NO. C11-5888-BHS-JRC |
| Petitioner, | REPORT AND RECOMMENDATION REGARDING INJUNCTIVE RELIEF |
| v. | |
| SCOTT FRAKES. | NOTED FOR: FEBRUARY 24, 2012 |
| Respondent. | |

This petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner asks the Court to order that the Department of Corrections return petitioner to the Monroe Correctional Complex and to the unit, cell, and job he had when this action was filed (ECF No. 12). Contrary to petitioner's contentions, the Court has not lost jurisdiction over his person because of his transfer.

## INJUNCTIVE RELIEF

The basic function of injunctive relief is to preserve the status quo *ante litem* pending a determination of the action on the merits. Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking injunctive relief must fulfill one of two standards -- the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

In order to seek any form of injunctive relief, the plaintiff must have standing. The concept of standing has been carefully analyzed in the Ninth Circuit. To have standing, plaintiff's threat of irreparable injury must be real and immediate, not conjectural or speculative. Nelsen v. King County, 895 F.2d 1248 (9th Cir. 1990). Petitioner fails to meet either test. An inmate has no liberty interest in being placed in any specific prison or at any specific custody level. Olim v Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 243 (1976). As there is no liberty interest at stake, moving petitioner does not violate any right or duty owed him.

Further, respondent has accepted service of the petition and filed a dispositive motion (ECF No. 14). Jurisdiction over petitioner's person is not an issue. The Court recommends the motion for injunctive relief be DENIED.

1    Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have
2 fourteen (14) days from service of this Report to file written objections.  <u>See also</u> Fed. R. Civ. P.
3 6.  Failure to file objections will result in a waiver of those objections for purposes of de novo
4 review by the district judge.  <u>See</u> 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit
5 imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on
6 February 24, 2012, as noted in the caption.

   Dated this 27th day of January, 2012.

                                          /s/ J. Richard Creatura
                                          J. Richard Creatura
                                          United States Magistrate Judge