UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID RAY SANCHEZ,

    Petitioner,

v.

SCOTT FRAKES,

    Respondent.

CASE NO. C11-5888-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: MARCH 23, 2012

This petition for a writ of habeas corpus is filed pursuant to 28 U.S.C. § 2254, The petition has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b) (1) (A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Respondent asks the court to dismiss the petition as time barred (ECF No. 14). The Court has reviewed the record and concludes that the petition is time barred. The Court, therefore, recommends dismissal of the petition.

## BASIS FOR CUSTODY ABD PROCEDURAL HISTORY

Petitioner pled guilty in Pierce County Superior Court to one count of first degree burglary and three counts of second degree assault. Petitioner was sentenced to a total of 126 months on November 21, 2007 (ECF No. 15, Exhibit 1).

Petitioner filed both a direct appeal and a personal restraint petition (ECF No. 14, Exhibits 2 and 3). Petitioner's challenges to his conviction and sentence were consolidated (ECF No. 14, Exhibit 4). The Washington State Court of Appeals affirmed the conviction and sentence on March 31, 2009 (ECF No. 14, Exhibit 9). Petitioner did not file a motion for discretionary review in the Washington State Supreme Court. His conviction became final May 1, 2009. Therefore, the one-year federal statute of limitations began to run on May 2, 2009. See 28 U.S.C. § 2244(d),

Petitioner filed a second personal restraint petition on May 5, 2010 -- one year and three days after his conviction became final (ECF No. 14, Exhibit 12). The Washington State Court of Appeals dismissed the second petition on December 30, 2010 (ECF No. 14, Exhibit 15). Petitioner filed a motion for discretionary review in the Washington State Supreme Court that was dismissed on June 17, 2011 (ECF No. 14, Exhibit 17). Petitioner then filed a motion to modify the ruling (ECF No., 14, Exhibit 18). The Washington State Supreme Court denied his motion and dismissed the case on September 6, 2011 (ECF No. 14, Exhibit 19). Petitioner filed his federal habeas corpus petition fifty days later -- on October 26, 2011 (ECF No. 1).

## DISCUSSION

Federal habeas corpus petitions are subject to a statue of limitations under the 1996 amendments to 28 U.S.C. § 2244(d), as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>    (C) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to 28 U.S.C.A. § 2244(d)(1)(A), the limitation period begins on the date on which the state court judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. Ordinarily, this is when the U.S. Supreme Court disposes of the case on a direct appeal from the person's state court conviction, or, if there has been no application to the Supreme Court for certiorari, 90 days from the final judgment of the highest state court on the direct appeal. Here, however, the starting date is 30 days from the time the Washington State Court of Appeals denied review of the direct appeal because the petitioner did not seek direct review from the highest state court. Petitioner's conviction becomes final when the time for seeking such review elapses. See 28 U.S.C. § 2244(d)(1)(A); Hemmerle v. Schriro, 495 F.3d 1069, 1073-74 (9th Cir. 2007). This time period is determined by state law. See, e.g., Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001) (relying on Washington law to hold that petitioner's conviction became final thirty days after Washington Court of Appeals denied petitioner's motion for reconsideration).

The Washington State Court of Appeals denied direct review on March 31, 2009 (ECF No. 14, Exhibit 9). The time for seeking review in the Washington State Court of Appeals expired on May 1, 2009. May 2, 2009 was the first day of the one year statute of limitations for filing a federal petition. The statute ran uninterrupted for one year and expired on May 2, 2010. Petitioner filed his second personal restraint petition three days later. His petition is time barred. Further, another fifty days elapsed between the dismissal of petitioner's second personal restraint petition on September 6, 2011 and filing of the federal habeas corpus petition on October 26,

1 | 2011 (ECF No. 14, Exhibit 19 and ECF No.1). The Court recommends the petition be dismissed

2 | as time barred. Petitioner has not argued or shown he is entitled to any form of equitable tolling.

### CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under 28 U.S.C.§ 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (*citing* Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Pursuant to this standard, this Court concludes that petitioner is not entitled to a certificate of appealability with respect to this petition.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of de novo review by the District Court Judge. See, 28 U.S.C. 636 (b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on March 23, 2012, as noted in the caption.

Dated this 29th day of February, 2012.

J. Richard Creatura
United States Magistrate Judge